UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE BRIEANT**

——————————————————————x

BERNARD BERGERON,

                    Plaintiff,

         -against-

LOWE'S HOME CENTERS, INC., WHIRLPOOL
CORPORATION and ROPER BRAND HOME
APPLIANCES,

                    Defendants.

——————————————————————x

08. CV 1860

**NOTICE OF REMOVAL**

FILED
U.S. DISTRICT COURT
2008 FEB 25 PM 2:07
S.D. OF N.Y.

TO THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK:

         Defendant Whirlpool Corporation ("Whirlpool") states:

         1.   On or about January 10, 2008, plaintiff Bernard Bergeron commenced an

action against defendants Lowe's Home Centers, Inc., Whirlpool Corporation and Roper Brand

Home Applicances in the Supreme Court of the State of New York, Sullivan County, by

purchasing index number 84-08.  Whirlpool received the Summons and Complaint on February

7, 2008.  A copy of the Summons and Complaint is annexed as Exhibit A.

         2.   In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed

within 30 days of Whirlpool's receipt of the Summons and Complaint.

         3.   On February 21, 2008, Whirlpool served its Verified Answer on plaintiff's

counsel.  A copy of the Verified Answer is annexed as Exhibit B.

4. Lowe's Home Centers, Inc. is a corporation duly organized and existing under the laws of the State of North Carolina, with its principal place of business in North Carolina.

5. Lowe's Home Centers, Inc. consents to this Removal.

6. Whirlpool is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Michigan.

7. Roper Brand Home Appliances is not a legal entity. For purposes of this litigation, Roper is a Whirlpool brand.

8. Upon information and belief, Bernard Bergeron is an individual who is a citizen of the State of New York.

9. This is an action for personal injury. Upon information and belief, Plaintiff is seeking damages in excess of $75,000.00.

10. The above-entitled action is one of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one that may be removed to this Court by Whirlpool, pursuant to the provisions of 28 U.S.C. § 1441(a) because it is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states.

WHEREFORE, Whirlpool respectfully request that the above-referenced action now pending against it in the Supreme Court, Sullivan County, State of New York, be removed to this Court.

Dated: New York, New York
February 25, 2008

LEADER & BERKON LLP

By: _____
GLEN SILVERSTEIN (GS 9174)
DAVID A. PAUL (DP 7629)
630 Third Avenue, 17th Floor
New York, NY 10017
(212) 486-2400

-and-

GEORGE R. NEUHAUSER
NALL & MILLER, LLP
235 Peachtree Street, N.E., Suite 1500
Atlanta, Georgia  30303-1401
(404) 522-2200

*Attorneys for Defendants Whirlpool Corporation and Roper Brand Home Appliances*

FILE #91404-01/rag

DATE OF FILING: *1-10-08*
INDEX #: *84-08*

Plaintiff designates
Sullivan County
as the place of trial.

The basis of venue is:
Plaintiff(s) residence.

Plaintiff resides at:
32 Forrest Road
Mountaindale, New York
County of Sullivan.

*2-7-08
11:00 a.m
Michael L. Metzger
personal service*

SUPREME COURT STATE OF NEW YORK
COUNTY OF SULLIVAN
------------------------------------------------------------------X
BERNARD BERGERON,

                               Plaintiff(s),

          -against-                                        SUMMONS

LOWE'S HOME CENTERS, INC., WHIRLPOOL CORPORATION
and ROPER BRAND HOME APPLIANCES,

                               Defendant(s).
------------------------------------------------------------------X
To the above named defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance, on the Plaintiff's Attorney(s) within –20- days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if
this summons is not personally delivered to you within the State of New York); and in case
of your failure to appear or answer, judgment will be taken against you by default for the
relief demanded in the complaint.

FINKELSTEIN & PARTNERS, LLP
Attorneys for Plaintiff(s)
436 Robinson Avenue
Newburgh, New York 12550
1-845-562-0203

Dated: January  *2*  , 2008.

DEFENDANT'S ADDRESS:
SEE VERIFIED COMPLAINT

File #91404-01/rag

STATE OF NEW YORK
SUPREME COURT : COUNTY OF SULLIVAN
---------------------------------------------x
BERNARD BERGERON

                        Plaintiff,

            -against-                          **VERIFIED COMPLAINT**

LOWE'S HOME CENTERS, INC., WHIRLPOOL
CORPORATION and ROPER BRAND HOME APPLIANCES,

                        Defendants.
---------------------------------------------x

        Plaintiff, by attorneys, FINKELSTEIN & PARTNERS, LLP as and for

the Verified Complaint, herein allege the following:

            AS AND FOR A FIRST CAUSE OF ACTION
            ON BEHALF OF PLAINTIFF, BERNARD BERGERON

    1.  That at all times hereinafter mentioned, the plaintiff was

and still is a resident of the County of Sullivan, State of New

York.

    2.  That at all times hereinafter mentioned, upon information

and belief, defendant, LOWE'S HOME CENTERS, INC., was and still is a

domestic corporation organized and existing under and by virtue of

the Laws of the State of New York.

    3.  That at all times hereinafter mentioned, upon information

and belief, defendant, LOWE'S HOME CENTERS, INC., was and still is a

foreign corporation duly incorporated within the State of North

Carolina.

4.  That at all times hereinafter mentioned, upon information and belief, defendant, LOWE'S HOME CENTERS, INC., was and still is a foreign corporation authorized to do business in the State of New York.

5.  That at all times hereinafter mentioned, upon information and belief, defendant, LOWE'S HOME CENTERS, INC., was and still is a business entity doing business within the State of New York.

6.  That at all times hereinafter mentioned, upon information and belief, defendant, WHIRLPOOL CORPORATION, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

7.  That at all times hereinafter mentioned, upon information and belief, defendant, WHIRLPOOL CORPORATION, was and still is a foreign corporation duly incorporated within the State of Delaware.

8.  That at all times hereinafter mentioned, upon information and belief, defendant, WHIRLPOOL CORPORATION, was and still is a foreign corporation authorized to do business in the State of New York.

9.  That at all times hereinafter mentioned, upon information and belief, defendant, WHIRLPOOL CORPORATION, was and still is a business entity doing business within the State of New York.

10.   That at all times hereinafter mentioned, upon information and belief, defendant, ROPER BRAND HOME APPLIANCES, was and still is a domestic corporation organized and existing under and by the virtue of the Laws of the State of New York.

11.   That at all times hereinafter mentioned, upon information and belief, defendant, ROPER BRAND HOME APPLIANCES, was and still is a foreign corporation duly incorporated within the State of Michigan.

12.   That at all times hereinafter mentioned, upon information and belief, defendant, ROPER BRAND HOME APPLIANCES, was and still is a foreign corporation authorized to do business in the State of New York.

13.   That at all times hereinafter mentioned, upon information and belief, defendant, ROPER BRAND HOME APPLIANCES, was and still is a business entity doing business within the State of New York.

14.   That at all times hereinafter mentioned, upon information and belief, defendant, LOWE'S HOME CENTERS, INC., is engaged in the business of advertising, marketing and selling gas stoves and in pursuance of this business, transacts business within the State of New York, and contracts to supply goods or services in the State of New York.

15.   That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, INC., regularly does and solicits business and engages in a persistent course of conduct in the State of New York, deriving substantial revenue from the goods used or consumed in the State of New York.

16.   That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, INC., expects or should reasonably expect its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

17.   That at all times hereinafter mentioned, upon information and belief, on a date prior to the 24th day of April, 2007, the defendant, LOWE'S HOME CENTERS, INC., their agents, servants and/or employees were the sellers and/or distributors of a certain gas stove known as a "Roper", bearing model #FGP305KW5, serial #VEU1001047.

18. That upon information and belief, at a time prior to the 24th day of April, 2007, the defendant, LOWE'S HOMES CENTERS, INC., did place the aforesaid Roper gas stove into the stream of commerce in the usual course of business.

19. That upon information and belief, the defendant, WHIRLPOOL CORPORATION, is engaged in the business of designing, advertising, marketing, selling and/or distributing gas stoves and in pursuance of this business, transacts business within the State of New York, and contracts to supply goods or services in the State of New York.

20. That at all times hereinafter mentioned, upon information and belief, the defendant, WHIRLPOOL CORPORATION, regularly does and solicits business and engages in a persistent course of conduct in the State of New York, deriving substantial revenue from the goods used or consumed in the State of New York.

21. That at all times hereinafter mentioned, upon information and belief, the defendant, WHIRLPOOL CORPORATION, expects or should reasonably expect its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

22. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 24th day of April, 2007, the defendant, WHIRLPOOL CORPORATION, their agents, servants and/or employees did design, manufacture, produce, construct, assemble and fabricate a certain gas stove know as a Roper, bearing model #FGP305KW5, serial #VEU1001047.

23.   That at all times hereinafter mentioned, upon information and belief, on a date prior to the 24th day of April, 2007, the defendant, WHIRLPOOL CORPORATION, their agents, servants and/or employees were the sellers and/or distributors of a certain gas stove known as a "Roper", bearing model #FGP305KW5, serial #VEU1001047.

24. That upon information and belief, at a time prior to the 24th day of April, 2007, the defendant, WHIRLPOOL CORPORATION, did place the aforesaid Roper gas stove into the stream of commerce in the usual course of business.

25. That upon information and belief, the defendant, ROPER BRAND HOME APPLIANCES, is engaged in the business of designing, advertising, marketing, selling and/or distributing gas stoves and in pursuance of this business, transacts business within the State of New York, and contracts to supply goods or services in the State of New York.

26.   That at all times hereinafter mentioned, upon information and belief, the defendant, ROPER BRAND HOME APPLIANCES, regularly does and solicits business and engages in a persistent course of conduct in the State of New York, deriving substantial revenue from the goods used or consumed in the State of New York.

27.   That at all times hereinafter mentioned, upon information and belief, the defendant, ROPER BRAND HOME APPLIANCES, expects or should reasonably expect its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

28.   That at all times hereinafter mentioned, upon information and belief, on a date prior to the 24th day of April, 2007, the defendant, ROPER BRAND HOME APPLIANCES, their agents, servants and/or employees did design, manufacture, produce, construct, assemble and fabricate a certain gas stove know as a Roper, bearing model #FGP305KW5, serial #VEU1001047.

29.   That at all times hereinafter mentioned, upon information and belief, on a date prior to the 24th day of April, 2007, the defendant, ROPER BRAND HOME APPLIANCES, their agents, servants and/or employees were the sellers and/or distributors of a certain gas stove known as a "Roper", bearing model #FGP305KW5, serial #VEU1001047.

30. That upon information and belief, at a time prior to the 24th day of April, 2007, the defendant, ROPER BRAND HOME APPLIANCES, did place the aforesaid Roper gas stove into the stream of commerce in the usual course of business.

31.  That at all times hereinafter mentioned, a certain trailer home at Meadowview Trailer Park, located on Route 52, in the City of Liberty, County of Sullivan, State of New York, was the situs of the within incident.

32. That at all times hereinafter mentioned, and on or about the 24th day of April, 2007, the plaintiff was a self-employed sub-contractor working within the scope of his employment.

33. That on or about the 24th day of April, 2007, while working within the scope of his employment at the aforesaid premises, the plaintiff was attempting to turn on a burner on the aforesaid gas stove when said stove exploded, thereby causing the plaintiff to sustain severe and serious injuries.

34. That the aforesaid accident and resulting injuries were caused by the negligent, reckless and careless acts of the defendants.

35. That the negligence, recklessness and carelessness of the defendants, their agents, servants and/or employees consisted of, among other things, designing, manufacturing, assembling, producing, fabricating, constructing, selling and distributing, supplying and/or providing a product, to wit, the aforesaid gas stove known as "Roper", bearing model #FGP305KW5, serial #VEU1001047, in an unsafe, defective and hazardous condition; in failing to provide proper warnings; in placing a faulty regulator on said stove so as to cause

gas to leak and/or seep into the warming drawer located at the bottom of the stove; in failing to install a regulator on said stove that was in good working order; in providing an inherently dangerous product; and the defendants, their agents, servants and/or employees were in other ways negligent, reckless and careless.

36. That the defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the within accident and in the exercise of reasonable care, the defendants could have and should have had knowledge and notice thereof, and further, the defendants, their agents, servants and/or employees created said conditions.

37. That the limited liability provisions of C.P.L.R. 1601 do not apply pursuant to C.P.L.R. 1602(7) on the grounds that the defendants acted with reckless disregard for the safety of others including the plaintiff herein.

38. That as a result of this accident, the plaintiff was caused to sustain severe and serious personal injuries to his mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, the plaintiff was caused to expend and become obligated for diverse sums of money as a result of this accident. The plaintiff further was caused to lose substantial

periods of time from his normal vocation, and upon information and belief, may continue in that way into the future and suffer similar losses.

39. That by reason of the foregoing, the plaintiff was damaged in a sum that exceeds the jurisdictional limits of all lower courts which would have jurisdiction of this matter.

<div align="center">

AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF, BERNARD BERGERON

</div>

40. That the plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs numbered "1" through "38" of the First Cause of Action, with the same force and effect as if more fully set forth herein at length.

41. That the defendant, LOWE'S HOME CENTERS, INC., expressly and impliedly warranted in designing, manufacturing, distributing, selling and placing into the stream of commerce the aforesaid gas stove known as "Roper", bearing model #FGP305KW5, serial #VEU1001047, to all foreseeable persons using same that the said "Roper" gas stove was properly designed, manufactured, distributed, sold and placed into the stream of commerce so that it was reasonably safe and adequate for the purpose for which it was intended and that the said "Roper" gas stove was safe, proper, merchantable and fit for the intended purpose.

42. That the use to which the aforesaid "Roper" gas stove was being placed on the date of the accident and injury was a use reasonably contemplated and intended and foreseen by the defendant, LOWE'S HOME CENTERS, INC., prior to the time of sale of said "Roper" gas stove to the general public.

43. That the defendant, WHIRLPOOL CORPORATION, expressly and impliedly warranted in designing, manufacturing, distributing, selling and placing into the stream of commerce the aforesaid gas stove known as "Roper", bearing model #FGP305KW5, serial #VEU1001047 to all foreseeable persons using same that the said "Roper" gas stove was properly designed, manufactured, distributed, sold and placed into the stream of commerce so that it was reasonably safe and adequate for the purpose for which it was intended and that the said "Roper" gas stove was safe, proper, merchantable and fit for the intended purpose.

44. That the use to which the aforesaid "Roper" gas stove was being placed on the date of the accident and injury was a use reasonably contemplated and intended and foreseen by the defendant, WHIRPOOL CORPORATION, prior to the time of sale of said "Roper" gas stove to the general public.

45. That the defendant, ROPER BRAND HOME APPLIANCES, expressly and impliedly warranted in designing, manufacturing, distributing, selling and placing into the stream of commerce the aforesaid gas stove known as "Roper", bearing model #FGP305KW5, serial #VEU1001047 to all foreseeable persons using same that the said "Roper" gas stove was properly designed, manufactured, distributed, sold and placed into the stream of commerce so that it was reasonably safe and adequate for the purpose for which it was intended and that the said "Roper" gas stove was safe, proper, merchantable and fit for the intended purpose.

46. That the use to which the aforesaid "Roper" gas stove was being placed on the date of the accident and injury was a use reasonably contemplated and intended and foreseen by the defendant, ROPER BRAND HOME APPLIANCES, prior to the time of sale of said "Roper" gas stove to the general public.

47. That the plaintiff relied upon such express and/or implied warranties.

48. That the defendants did breach said warranty.

49. That the plaintiff did give notice to the defendants of said breach of warranty and said breach notice was otherwise excused.

50. That by reason of the foregoing, the plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of this matter.

AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFF, BERNARD BERGERON

51. That the plaintiff repeats, reiterates and realleges each
and every allegation contained in Paragraphs numbered "1" through
"38" of the First Cause of Action and Paragraphs numbered "41"
through "49" of the Second Cause of Action, with the same force and
effect as if more fully set forth herein at length.

52. That the defendant, LOWE'S HOME CENTERS, INC., designed,
manufactured and put into circulation and sold to the general public
a product, namely the aforesaid "Roper" gas stove.

53. That the defendant, LOWE'S HOME CENTERS, INC., assumed a
strict products liability to users and to persons injured by the
aforesaid "Roper" gas stove, including the plaintiff.

54. That the defendant, WHIRLPOOL CORPORATION, designed,
manufactured and put into circulation and sold to the general public
a product, namely the aforesaid "Roper" gas stove.

55. That the defendant, WHIRLPOOL CORPORATION, assumed a strict
products liability to users and to persons injured by the aforesaid
"Roper" gas stove, including the plaintiff.

56. That the defendant, ROPER HOME BRAND APPLIANCES, designed, manufactured and put into circulation and sold to the general public a product, namely the aforesaid "Roper" gas stove.

57. That the defendant, ROPER BRAND HOME APPLIANCES, assumed a strict products liability to users and to persons injured by the aforesaid "Roper" gas stove, including the plaintiff.

58. That the said "Roper" gas stove as designed, manufactured and placed into circulation by the defendants were not suited for its purpose and was defective.

59. That by reason of the assumption of the defendants of the strict products liability, and the injuries resulting therefrom to the plaintiff, the plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of this mater.

WHEREFORE, the plaintiff demands judgment against the defendant as follows:

(1) A sum which exceeds the jurisdictional limits of all lower courts which the jury would find to be fair, adequate and just on the First Cause of Action;

(2) A sum which exceeds the jurisdictional limits of all lower courts which the jury would find to be fair, adequate and just on the Second Cause of Action, and

(3) A sum which exceeds the jurisdictional limits of all lower courts which the jury would find to be fair, adequate and just on the Third Cause of Action, together with the costs and disbursements of this Action.

Dated: ~~December~~ January 2 , 2008

Yours, etc.,

Attorneys for Plaintiff
Office & P.O. Address
436 Robinson Avenue
Newburgh, New York  12550

By: _____
ROBERT MOSON, ESQ.

TO: LOWES HOME CENTERS, INC.
WHIRLPOOL CORPORATION
Defendants
c/o Secretary of State
41 State Street
Albany, New York 12207

ROPER BRAND HOME APPLIANCES
Defendant
553 Benson Road
Benton Harbor, MI  49022

STATE OF NEW YORK, COUNTY OF ORANGE          ss:

I, the undersigned, am an attorney admitted to practice in the
courts of New York State, and say that:

I am the attorney of record, or of counsel with the attorney(s) of
record, for the plaintiff.  I have read the annexed Verified
Complaint know the contents thereof and the same are true to my
knowledge, except those matters therein which are stated to be
alleged on information and belief, and as to those matters I believe
them to be true.

My belief, as to those matters therein not stated upon knowledge, is
based upon the following:

Facts and information contained in deponent's file.  The reason I
make this affirmation instead of the plaintiff is because the
plaintiff resides outside of county where deponent maintains his
office.

I affirm that the foregoing statements are true under
penalties of perjury.

Dated:  ~~December~~ *January* 2  , 2008.


ROBERT MOSON, ESQ.

STATE OF NEW YORK, SUPREME COURT
COUNTY OF SULLIVAN
————————————————————————x

BERNARD BERGERON,

                           Plaintiff,

        VS.

LOWE'S HOME CENTERS, INC., WHIRLPOOL
CORPORATION and ROPER BRAND HOME
APPLIANCES,

                           Defendants.
————————————————————————x

Index No. 84-08

**VERIFIED ANSWER
OF WHIRLPOOL
CORPORATION
AND ROPER BRAND
HOME APPLIANCES**

       Defendants Whirlpool Corporation and Roper Brand Home Appliances (which is not a legal entity and should be dismissed from this action), by their attorneys Leader & Berkon LLP and Nall & Miller, LLP, as and for their Verified Answer to the Verified Complaint, respond as follows:

       1. Whirlpool Corporation and Roper Brand Home Appliances deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraphs 1, 3, 4, 5, 14, 15, 16, 17, 18, 22, 23, 24, 31, 32, 33, 41, 42, 43, 44, 49, 52, 53, 54, and 55 of Plaintiff's Complaint.

       2. Whirlpool Corporation and Roper Brand Home Appliances deny the truth of each and every allegation contained in Paragraphs 2, 6, 10, 11, 12, 13, 25, 26, 27, 28, 29, 30, 34, 35, 36, 37, 38, 39, 45, 46, 47, 48, 50, 56, 57, 58, and 59 of Plaintiff's Complaint.

       3. Whirlpool Corporation and Roper Brand Home Appliances admit the allegations contained in Paragraphs 7, 8, 9, 19, 20 and 21 of Plaintiff's Complaint.

00351.VerifiedAnswer.doc

4.   In response to Paragraph 40 of Plaintiff's Complaint, Whirlpool Corporation and Roper Brand Home Appliances repeat and reallege each and every answer set forth in response to Paragraphs 1 through 39 of the First Cause of Action as if set forth fully herein.

5.   In response to Paragraph 51 of Plaintiff's Complaint, Whirlpool Corporation and Roper Brand Home Appliances repeat and reallege each and every answer set forth in response to Paragraphs 1 through 39 of the First Cause of Action and Paragraphs 41 through 50 of the Second Cause of Action of Plaintiff's Complaint as if set forth fully herein.

### AS AND FOR WHIRLPOOL CORPORATION'S
### AND ROPER BRAND HOME APPLIANCES'
### FIRST AFFIRMATIVE DEFENSE

6.   The Complaint fails to state a cause of action.

### AS AND FOR WHIRLPOOL CORPORATION'S
### AND ROPER BRAND HOME APPLIANCES'
### SECOND AFFIRMATIVE DEFENSE

7.   Defendant Roper Brand Home Appliances is incorrectly named in that it is not a legal entity and Plaintiff's Complaint against Roper Brand Home Appliances should be dismissed as a result thereof.

### AS AND FOR WHIRLPOOL CORPORATION'S
### AND ROPER BRAND HOME APPLIANCES'
### THIRD AFFIRMATIVE DEFENSE

8.   Plaintiff's damages, if any, were caused, in whole or in part, by Plaintiff's own culpable conduct, including, but not limited to, Plaintiff's contributory negligence and assumption of risk.  In the event that Plaintiff is entitled to recover, the amount of damages should be diminished in proportion to the culpable conduct attributable to the Plaintiff.

Page 2 of 8

00351.VerifiedAnswer.doc

**AS AND FOR WHIRLPOOL CORPORATION'S
AND ROPER BRAND HOME APPLIANCES'
FOURTH AFFIRMATIVE DEFENSE**

9.   Plaintiff's alleged damages, if any, were caused, in whole or in part, by the independent intervening causes and events, and by third persons over whom and over which Defendants Whirlpool Corporation and Roper Brand Home Appliances exercised no control.

**AS AND FOR WHIRLPOOL CORPORATION'S
AND ROPER BRAND HOME APPLIANCES'
FIFTH AFFIRMATIVE DEFENSE**

10.   The incident complained of in the Complaint and the alleged damages were caused by an alteration, modification and change of the product.

**AS AND FOR WHIRLPOOL CORPORATION'S
AND ROPER BRAND HOME APPLIANCES'
SIXTH AFFIRMATIVE DEFENSE**

11.  Plaintiff's alleged damages were caused by the subsequent abuse of the product.

**AS AND FOR WHIRLPOOL CORPORATION'S
AND ROPER BRAND HOME APPLIANCES'
SEVENTH AFFIRMATIVE DEFENSE**

12.   Plaintiff's claims are barred or reduced due to Plaintiff's failure to join necessary and indispensable parties.

**AS AND FOR WHIRLPOOL CORPORATION'S
AND ROPER BRAND HOME APPLIANCES'
EIGHTH AFFIRMATIVE DEFENSE**

13.   Plaintiff's claims are barred by the spoliation of evidence or by the spoliation of evidence by others.

00351.VerifiedAnswer.doc

**AS AND FOR WHIRLPOOL CORPORATION'S**
**AND ROPER BRAND HOME APPLIANCES'**
**NINTH AFFIRMATIVE DEFENSE**

14. Plaintiff failed to mitigate or otherwise act to lessen or reduce the injury and

damage, if any, allegedly resulting from the incident complained of in the Complaint.

**AS AND FOR WHIRLPOOL CORPORATION'S**
**AND ROPER BRAND HOME APPLIANCES'**
**TENTH AFFIRMATIVE DEFENSE**

15. Plaintiff's claims are barred, in whole or in part, by the applicable Statute of

Limitations or laches.

**AS AND FOR WHIRLPOOL CORPORATION'S**
**AND ROPER BRAND HOME APPLIANCES'**
**ELEVENTH AFFIRMATIVE DEFENSE**

16. Plaintiff's claims for breach of express warranty and breach of implied

warranty are barred by Plaintiff's failure to give timely notice of the claimed breach of warranty.

**AS AND FOR WHIRLPOOL CORPORATION'S**
**AND ROPER BRAND HOME APPLIANCES'**
**TWELFTH AFFIRMATIVE DEFENSE**

17. All claims alleged in the Plaintiff's Complaint on the basis of warranty are

barred by reason of lack of privity of contract with Whirlpool Corporation and Roper Brand

Home Appliances.

**AS AND FOR WHIRLPOOL CORPORATION'S**
**AND ROPER BRAND HOME APPLIANCES'**
**THIRTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiff's claims are barred, in whole or in part, by the terms, conditions and

limitations of any applicable warranty or instruction pursuant to which Whirlpool Corporation

and Roper Brand Home Appliances sold its product.

Page 4 of 8

00351.VerifiedAnswer.doc

**AS AND FOR WHIRLPOOL CORPORATION'S
AND ROPER BRAND HOME APPLIANCES'
FOURTEENTH AFFIRMATIVE DEFENSE**

19.  Plaintiff's injuries, if any, were proximately caused by the misuse of the

alleged product.

**AS AND FOR WHIRLPOOL CORPORATION'S
AND ROPER BRAND HOME APPLIANCES'
FIFTEENTH AFFIRMATIVE DEFENSE**

20.  No product, acts or omissions of Whirlpool Corporation and Roper Brand

Home Appliances proximately caused the damages sought in this matter.

**AS AND FOR WHIRLPOOL CORPORATION'S
AND ROPER BRAND HOME APPLIANCES'
SIXTEENTH AFFIRMATIVE DEFENSE**

21.  Whirlpool Corporation and Roper Brand Home Appliances are not liable

because the alleged product was in conformity with the generally recognized state-of-the-art

applicable to the safety of the product at the time that the product was designed, manufactured,

packaged and labeled.

**AS AND FOR WHIRLPOOL CORPORATION'S
AND ROPER BRAND HOME APPLIANCES'
SEVENTEENTH AFFIRMATIVE DEFENSE**

22.  Whirlpool Corporation and Roper Brand Home Appliances reserve the right

to raise and plead additional defenses which might become known during the course of

discovery, as well as to dismiss any defenses which, as a result of discovery, are determined to

be unsupported by a good faith reliance upon either the facts or the law, or a non-frivolous

argument for extension, modification or reversal of existing law or the establishment of new law.

**WHEREFORE,** Whirlpool Corporation and Roper Brand Home Appliances demand

judgment dismissing the Plaintiff's Complaint with costs and disbursements, including

reasonable attorney's fees, and such other and further relief as this Court may deem just and

proper.

Dated:  New York, New York
　　　　February 21, 2008

<div style="margin-left:40%">

LEADER & BERKON LLP

BY: _____
GLEN SILVERSTEIN
DAVID PAUL
630 Third Avenue
New York, New York 10017
(212) 486-2400

　　　-and-

GEORGE R. NEUHAUSER
NALL & MILLER, LLP
235 Peachtree Street, N.E., Suite 1500
Atlanta, Georgia  30303-1401
(404) 522-2200

*Attorneys for Defendants Whirlpool
Corporation and Roper Brand Home
Appliances*

</div>

To:    Robert Moson, Esq.
       Finkelstein & Partners, LLP
       436 Robinson Avenue
       Newburgh, New York 12550

       *Attorneys for Plaintiff Bernard Bergeron*


       George Hodges, Esq.
       Hodges, Walsh & Slater LLP
       55 Church Street, Suite 211
       White Plains, NY 10601

       *Attorneys for Defendant Lowe's Home Centers*

## ATTORNEY VERIFICATION

STATE OF NEW YORK     )
                      ) SS.:
COUNTY OF NEW YORK    )


The undersigned affirms the following statement to be true under penalties of perjury

pursuant to Rule 2106 of the New York Civil Practice Law and Rules:

> That he is an attorney-at-law and a partner of the firm of Leader & Berkon LLP,
> attorneys for Defendants Whirlpool Corporation and Roper Brand Home Appliances.

> That he has read the foregoing document and knows the contents thereof, and that the
> same is true to the knowledge of your deponent except as to the matters therein alleged
> upon information and belief and that as to those matters he believes them to be true.

> That the reason why this affirmation is being made by your deponent and not by the
> Defendant is that Whirlpool Corporation is a foreign corporation.

                                        GLEN SILVERSTEIN


Sworn to before me, this
2 1 day of february, 2008.


Notary Public
(Notary Seal)



YVETTE BADILLO
Notary Public, State of New York
No. 01BA6014697
Qualified in New York County
Commission Expires Oct. 19, 2010


Page 8 of 8

00351.VerifiedAnswer.doc

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                         : ss.:
COUNTY OF NEW YORK )

        **PATRICE SARACCO**, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age, and resides in NEW YORK COUNTY, that on the 25th day of February 2008, deponent served by **REGULAR MAIL** the foregoing **NOTICE OF REMOVAL**, upon:

        Robert Moson, Esq.
        Finkelstein & Partners, LLP
        436 Robinson Avenue
        Newburgh, New York 12550
        *Attorneys for Plaintiff Bernard Bergeron*

        George Hodges, Esq.
        Hodges, Walsh & Slater LLP
        55 Church Street, Suite 211
        White Plains, NY 10601
        *Attorneys for Defendant Lowe's Home Centers*

by depositing true copies of same enclosed in postpaid properly addressed wrappers in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                        **PATRICE SARACCO**

Sworn to before me this
25th day of February 2008

Notary Public

WILLIE GARCIA
Notary Public, State of New York
No. 01GA6176781
Qualified in Kings County
Commission Expires Nov. 5, 20__