UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
====================================X
BERNARD BERGERON,                           Case No.:   08 CV 1860
                                            Judge Brieant

                  Plaintiff,            **ANSWER**

   - against –

LOWE'S HOME CENTERS, INC,,
WHIRLPOOL CORPORATION and
ROPER BRAND HOME APPLIANCES,

                  Defendants.
====================================X

     Defendant, **LOWE'S HOME CENTERS, INC.,** by its attorneys, **HODGES, WALSH & SLATER, LLP,** as and for an Answer to plaintiff's Complaint, alleges upon information and belief as follows:

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**

     1.    This answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs designated '1', '6', '7', '8'. '9', '10', '11', '12', '13', '17', '18', '19', '20', '21', '22', '23', '24', '25', '26', '27', '28', '29', '30', '31' and '32' of plaintiff's Complaint.

     2.    This answering defendant denies each and every allegation set forth in paragraphs designated '2', '33', '37', '38' and '39' of plaintiff's Complaint.

     3.    This answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs designated '14', '15' and '16' of plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

4. This answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs designated '34', '35' and '36' of plaintiff's Complaint, except this answering defendant denies each and every allegation of negligence, fault, wrongdoing and/or other culpable conduct on the part of this answering defendant.

**AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION**

5. This answering defendant repeats, reiterates and realleges each and every response previously set forth above with the same force and effect as if fully set forth at length herein in responding to paragraph designated '40' of plaintiffs' Complaint.

6. This answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs designated '43', '44' and '45' of plaintiff's Complaint.

7. This answering defendant denies each and every allegation set forth in paragraphs designated '42', '47', '49' and '50' of plaintiff's Complaint.

8. This answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph designated 48' of plaintiff's Complaint, except this answering defendant denies each and every allegation of negligence, fault, wrongdoing and/or other culpable conduct on the part of this answering defendant.

9. This answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph designated '41',

of plaintiff's Complaint, and respectfully refer all questions of law to the Honorable Court.

**AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION**

10. This answering defendant repeats, reiterates and realleges each and every response previously set forth above with the same force and effect as if fully set forth at length herein in responding to paragraph designated '51' of plaintiffs' Complaint.

11. This answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs designated '54', '55', '56' and '57' of plaintiff's Complaint.

12. This answering defendant denies each and every allegation set forth in paragraphs designated '52', '53', '58' and '59' of plaintiff's Complaint.

**AS AND FOR A FIRST, SEPARATE AND COMPLETE DEFENSE**

13. That this Court lacks jurisdiction over the person of these answering defendants and, each of them.

**AS AND FOR A SECOND, SEPARATE AND COMPLETE DEFENSE**

14. That whatever damages, if any, were sustained by the plaintiff herein, was caused and/or occasioned by reason of the careless, recklessness, negligence and/or other culpable conduct on the part of the plaintiff.

**AS AND FOR A THIRD, SEPARATE AND COMPLETE DEFENSE**

15. That upon information and belief, at the time of the incident referred to in plaintiff's Complaint, plaintiff herein was not using the product in question in a reasonable and appropriate manner.

**AS AND FOR A FOURTH, SEPARATE AND COMPLETE DEFENSE**

16. All conditions at the time were open and obvious and could have been readily observed by reasonable use of plaintiff's own senses.

**AS AND FOR A FIFTH, SEPARATE AND COMPLETE DEFENSE**

17. That in engaging in the activities in which he was involved at the time of the incident referred to in plaintiff's Complaint, the plaintiff was fully aware of the dangers and risks inherent thereto and voluntarily assumed all of said dangers and risks.

**AS AND FOR A FIFTH, SEPARATE AND COMPLETE DEFENSE**

17. These answering defendants deny the nature and amount of damages alleged in plaintiff's Complaint.

**AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS WHIRLPOOL CORPORATION and ROPER BRAND HOME APPLIANCES**

18. That heretofore the plaintiff herein commenced an action in this Court against the defendants to recover damages for personal injuries sustained as alleged in the Complaint, the contents of which the defendant, **LOWE'S HOME CENTERS, INC.**, begs leave to refer to upon the trial of this action as if the same were set forth herein more particularly at length.

19. That the defendant, **LOWE'S HOME CENTERS, INC.,** denies that it is guilty of fault or responsibility as alleged in the Complaint but further alleges that, if the plaintiff recovers a verdict against this answering defendant then this defendant, on the basis of apportionment of responsibility for the alleged occurrence, culpable conduct, breach of agreement and/or contractual responsibility is entitled to contribution and/or indemnification from co-defendants, **WHIRLPOOL CORPORATION and ROPER**

**BRAND HOME APPLIANCES,** for all or part of any verdict or judgment that the plaintiff may recover against these defendants.

WHEREFORE, the defendant, **LOWE'S HOME CENTERS, INC**, demands judgment dismissing the Complaint herein, or in the event that the plaintiff recovers from this defendant, then and in that event, this defendant demands judgment over and against co-defendants, **WHIRLPOOL CORPORATION and ROPER BRAND HOME APPLIANCES,,** for all or part of said verdict or judgment that these plaintiff may recover against these defendants, together with the costs and disbursements of this action.

Dated:   White Plains, New York
         March 3, 2008

                                        HODGES, WALSH & SLATER, LLP

                                        By: _____
                                            GEORGE S. HODGES (4573)
                                        Attorneys for Defendant
                                        55 Church Street
                                        White Plains, NY  10601
                                        Tel:  914. 385.6000
                                        Fax:  914. 385.6060

TO:

**FINKELSTEIN & PARTNERS, LLP**
Attorneys for Plaintiff
436 Robinson Avenue
Newburgh, NY  12550

**GLEN SILVERSTEIN, ESQ.**
**LEADER & BERKON**
630 Third Avenue, 17th Floor
New York, NY 10017

**GEORGE R. NEUHAUSER**
**NALL & MILLER, LLP**
235 Peachtree Street, N.E., Suite 1500
Atlanta, GA 30303-1401

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                                                  SS.:)
COUNTY OF WESTCHESTER  )

MARIANN MUSCOLINO, being duly sworn, deposes and says:

I am employed by the law firm of **HODGES, WALSH & SLATER, LLP**, counsel for Defendant in the above action and I am over the age of 18 years and I am not a party to this action. On December 10, 2007 I served a true copy of the annexed **Answer** in the following manner: by mailing same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York addressed to the last known address of all attorneys in this action as indicated below:

TO:

**FINKELSTEIN & PARTNERS, LLP**
Attorneys for Plaintiff
436 Robinson Avenue
Newburgh, NY 12550

**GLEN SILVERSTEIN, ESQ.**
**LEADER & BERKON**
630 Third Avenue, 17th Floor
New York, NY 10017

**GEORGE R. NEUHAUSER**
**NALL & MILLER, LLP**
235 Peachtree Street, N.E., Suite 1500
Atlanta, GA 30303-1401

_____
MARIANN MUSCOLINO

Sworn to before me this
3rd day of March, 2008.

_____
Notary Public

STEPHEN SLATER
Notary Public, State of New York
4894305 Westchester County
Commission Expires 4-20-20